UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B.,<br><br>                     Plaintiff,<br><br>         v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                     Defendant. | Case No. 2:19-cv-07503-SHK<br><br>OPINION AND ORDER |

Plaintiff J.B.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

## I.  BACKGROUND

Plaintiff filed applications for DIB and SSI on October 26, 2015, alleging disability beginning on June 12, 2015. Transcript ("Tr.") 13.² Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ") and, on September 21, 2018, ALJ Lesley Troope determined that Plaintiff was not disabled. Tr. 13-27. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on July 1, 2019. Tr. 1-6. This appeal followed.

## II.  STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing

---

² A certified copy of the Administrative Record was filed on January 28, 2020. Electronic Case Filing Number ("ECF No.") 16. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. §§ 404.1520, 416.920. The claimant carries

the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB or SSI]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).[3]

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB or SSI]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB or SSI]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four

---

[3] The Court has also considered the parallel regulations set forth in 20 C.F.R. § 416.920 et seq., when analyzing the ALJ's denial of Plaintiff's SSI application.

and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB or SSI]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB or SSI]. See id.

Id. at 1098-99.

### B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2017." Tr. 16. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since June 12, 2015, the alleged onset date (20 C.F.R. 404.1571 et seq. and 416.971 et seq.)." Id. At step two, the ALJ found that "[Plaintiff] has the following severe impairments: street-drug induced myocardial infraction or heart attack with pacemaker implant; coronary artery disease; cardiomyopathy; obesity; hypertension; seizures, epilepsy, or transient ischemia; and history of respiratory failure (20 CFR 404.1520(c) and 416.920(c))." Tr. 17. At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the

5

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 20.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform the reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and or walk a combined 6 hours our of an 8-hour workday; he can sit for 6 hours out of an 8-hour workday; he can never climb ladders, ropes, and scaffolds, but he can frequently perform all other postural activities; he cannot have concentrated exposure [to] fumes, odors, dusts, gases, poor ventilation, and other pulmonary hazards; he cannot have exposure to workplace hazards including open water, open flames, unprotected heights, or moving machinery; he cannot engage in workplace operation of motorized vehicles; and he cannot have exposure to magnetic resonance imaging (MFI scan) machines, x-ray machines, or magnets.

Id. The ALJ then found, at step four, that "[Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965)." Tr. 25.

In preparation for step five, the ALJ noted that "[Plaintiff] was born on August 17, 1967 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963). [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963)." Id. The ALJ observed that "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964)." Tr. 26. The ALJ then added that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,'

whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpat P, Appendix 2)." Id.

At step five, the ALJ found that "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a))." Id. Specifically, the ALJ found that Plaintiff could perform the "light, unskilled" occupations of "Product Packer," as defined in the Dictionary of Occupational Titles ("DOT") at DOT 920.687-166, "Packing Line Worker, DOT code 753.687-038," and "Product Trimmer, DOT code 732.684-046[.]" Id. The ALJ based his decision that Plaintiff could perform the aforementioned occupations "on the testimony of the [VE]" from the administrative hearing, after "determin[ing] that the [VE's] testimony [wa]s consistent with the information contained in the [DOT]." Tr. 27.

After finding that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ concluded that "[a] finding of not disabled is . . . appropriate under the framework of the above-cited rule." Id. (internal quotation marks omitted). The ALJ, therefore, found that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from June 12, 2015, through [September 21, 2018], the date of th[e] decision (20 CFR 404.1520(g) and 416.920(g))." Id.

### C. Issues Presented

In this appeal, Plaintiff raises two issues, whether the ALJ properly considered (1) "the lay witness evidence[,]" and (2) Plaintiff's testimony. ECF No. 21, Joint Stip. at 4.

### D. Court's Consideration Of First Issue

#### 1. Parties' Arguments

Plaintiff argues that the ALJ erred by failing to properly consider the lay opinion of his friend, Christina Edwards ("Ms. Edwards"), which "if fully

7

credited, . . . supports a conclusion that [Plaintiff] is incapable of performing gainful employment." Id. at 16, 18. Plaintiff argues that the ALJ's failure to consider Ms. Edwards's opinion "is reversible error warranting remand." Id. at 18.

Defendant responds that "[w]hile the ALJ did not specifically address [the] lay third-party testimony of . . . [Ms.] Edwards," this failure "still does not amount to reversible harmful error" because Ms. Edwards's opinion "is largely the same as Plaintiff[']s] function report and testimony indicating the same limitations." Id. at 19. Defendant adds that "[w]hile the ALJ did not discuss particularized reasons to reject this testimony, the same rationale rejecting Plaintiff's testimony applies to Plaintiff's friend[']s] identical testimony." Id.

### 2. ALJ's Consideration Of Lay Testimony

The ALJ did not consider or discuss Ms. Edwards's lay opinion.

### 3. Lay Testimony

On November 14, 2015, Ms. Edwards completed a Third-Party Function Report ("Report") on Plaintiff's behalf. Tr. 290-97. In her Report, Ms. Edwards indicated that she has known Plaintiff for thirty years, she spends roughly twelve hours per week with Plaintiff, and she goes to meetings, doctors' appointments, and lunch with Plaintiff. Tr. 290. Ms. Edwards noted that Plaintiff "can't stand or walk for a long time, his heart is weak pumping [at] 25%[,] no heavy lifting[,] his hands hurt afterward. [Plaintiff is] short of breathing all the time." Id. (capitalization normalized). Ms. Edwards added that Plaintiff "takes naps during the day, [and] [he] like[s] watching T.V.[.]" Tr. 291 (capitalization normalized). Ms. Edwards also noted that Plaintiff does not care for any animals or other people, he "sometimes ha[s] problems getting up from [the] toilet[,]" and he "has problems ty[]ing his shoes, and getting up from his bed." Id. (capitalization normalized). Ms. Edwards noted that before Plaintiff's illness began, Plaintiff used to ride a bicycle, jog, "walk long periods of time[,]" and play sports, but that now,

plaintiff has chest pain, he "can't sleep for a long time[,]" and he wakes up approximately every two hours. Id. (capitalization normalized).

Ms. Edwards noted that Plaintiff needs special reminders to tie his shoes, comb his hair, and take medication, and that she sets up Plaintiff's medication in a pill case for him. Tr. 292. Ms. Edwards indicated that Plaintiff makes simple meals, such as sandwiches and frozen dinners twice daily, they "rarely" go out to lunch, and that Plaintiff generally "can't go out to eat or shop at stores[,]" because these activities cause "to[o] much stress" for Plaintiff. Id. (capitalization normalized). Ms. Edwards indicated that Plaintiff cannot do laundry, but that he can do "some cleaning around [his] bedroom[,]" he can water a garden twice per week, and he can "fold [his] bed[,]" but that he "sometimes" needs encouragement to fold his bed, and that it takes Plaintiff twenty-five minutes to do so. Tr. 291-93. (capitalization normalized). Ms. Edwards noted that Plaintiff cannot go out alone "because of seizures and heart problems[,]" that Plaintiff can drive, but that "someone needs to be in the car with [Plaintiff,]" and that she grocery shops for Plaintiff twice per week because Plaintiff "does not go shopping." Tr. 293 (capitalization normalized).

Ms. Edwards noted that Plaintiff's hobbies now include watching television "all day long" and reading a book for one hour per day, and that Plaintiff's social activities have been curtailed since his illness began because of "stress with chest pains and [fear] of having seizures." Tr. 293-94 (capitalization normalized). Ms. Edwards indicated that Plaintiff can talk on the phone with his family, but that Plaintiff does not use the computer, and that Plaintiff attends church one or two times per month, but that Plaintiff does not engage in social groups at church. Tr. 294.

Ms. Edwards opined that Plaintiff's illness affects Plaintiff's ability to lift, squat, bend, stand, reach, walk, kneel, climb stairs, complete tasks, and use his hands. Tr. 295. Ms. Edwards specified that Plaintiff's "heart condition [and]

9

seizures cause a lot of problems with [Plaintiff's] abilities.  He can walk for 10 min[utes], . . . lift 5 pounds[,]" and Plaintiff "has a lot of chest pains during the day [and] at night."  Id.  Ms. Edwards added that Plaintiff needs a twenty minute break after walking for ten minutes, that Plaintiff can pay attention for only fifteen minutes, that Plaintiff sometimes does not finish what he starts due to concentration issues, that Plaintiff can follow written instructions "ok fair[,]" and that Plaintiff can handle stress and changes in routine "fair due to heart conditions [and] chest pain."  Tr. 295-96 (capitalization normalized).  Finally, Ms. Edwards indicated that Plaintiff displays "unusual behavior" because Plaintiff has "a lot of fear due to heart attack and seizures coming back" and that Plaintiff takes medications for these issues, which Ms. Edwards listed specifically.  Tr. 296-97.

### 4. Standard To Review ALJ's Analysis Of Lay Testimony

"Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that an ALJ must take into account."  Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted).  "Indeed, lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment."  Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006) (citation and internal quotation marks omitted).  "Consequently, if the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness."  Id. (citations and internal quotation marks omitted); see also id. ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." (citation and internal quotation marks omitted)).

### 5. ALJ' Decision Is Not Supported By Substantial Evidence

The RFC is the maximum a claimant can do despite her limitations.  20 C.F.R. §§ 404.1545, 416.945.  In determining the RFC, the ALJ must consider

limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate all of the relevant medical and other evidence, including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, it is undisputed that the ALJ failed to consider or discuss the lay opinion of Ms. Edwards, much less provide germane reasons for rejecting it. This was an error. See Molina, 674 F.3d at 1114; Stout, 454 F.3d at 1053. This error was harmful because Ms. Edwards opined that Plaintiff was more limited than the ALJ acknowledged in Plaintiff's RFC. For example, Ms. Edwards opined that Plaintiff could stand for only ten minutes before needing a twenty-minute break. Tr. 295. The ALJ, however, found that Plaintiff had the RFC to "stand and or walk a combined 6 hours our of an 8-hour workday." Tr. 20. Similarly, Ms. Edwards opined that Plaintiff can lift only five pounds, whereas the ALJ found that Plaintiff has the RFC to "lift and/or carry 20 pounds occasionally and 10 pounds frequently." Tr. 20, 295.

Thus, Ms. Edwards's opinion regarding Plaintiff's ability to lift and walk contradict the ALJ's RFC finding.

Moreover, Defendant's argument—that the ALJ's failure to "discuss particularized reasons to reject [Ms. Edwards's] testimony" was not "reversible harmful error" because "the same rationale rejecting Plaintiff's testimony applies to Plaintiff's friend['s] identical testimony"—is not persuasive for two reasons. ECF No. 21, Joint Stip. at 19.

///

11

1 First, Defendant's post-hoc argument does not cure the ALJ's failure to consider and provide germane reasons for rejecting Ms. Edwards's opinion because the Court cannot affirm the ALJ's decision on rationale not provided by the ALJ. See Stout, 454 F.3d at 1054 (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner) (citation omitted).

Second, even if the Court could adopt Defendant's rationale as reasoning provided by the ALJ, Defendant's argument is unpersuasive. As discussed above, Ms. Edwards has known Plaintiff for thirty years, she spends roughly twelve hours per week with Plaintiff, she goes to meetings and doctors' appointments with Plaintiff, she organizes Plaintiff's medications in a pill container and reminds Plaintiff to take his medications, and she grocery shops for Plaintiff twice per week. Tr. 290-97. Thus, Ms. Edwards appears to have great longitudinal knowledge of Plaintiff's symptoms because she has spent countless hours helping Plaintiff with his grocery shopping, medication, and taking Plaintiff to meetings and doctors' appointments during her thirty-year relationship with Plaintiff. As such, Ms. Edwards's opinion is strong evidence to corroborate Plaintiff's symptom statements, which are similar—or as Defendant asserts, are "identical"—to those provided by Ms. Edwards. ECF No. 21, Joint Stip. at 19. Thus, it is unclear why evidence that closely corroborates and, therefore, bolsters Plaintiff's symptom statements should be rejected due to its similarity to Plaintiff's statements, rather than viewed as providing good cause for Plaintiff's symptom statements to be adopted. The Court, however, reserves judgment on that question and instead orders the ALJ to evaluate and address Ms. Edwards's opinion on remand, specifically taking into consideration Ms. Edwards's longitudinal relationship with Plaintiff.

Accordingly, because the ALJ committed harmful error by failing to provide any reasons—much less germane ones—for rejecting Ms. Edwards's opinion, and because Ms. Edwards opined that Plaintiff's abilities were more limited than the

ALJ acknowledged in the ALJ's RFC determination, the Court finds that the ALJ's RFC determination and, by extension, the dispositive hypothetical question posed to the VE, were not supported by substantial evidence in the record. As such, the Court finds that the ALJ's resulting step five finding, which was based "on the testimony of the [VE,]" was also not supported by substantial evidence in the record. Tr. 27.

Therefore, the Court finds that remand for further proceedings is appropriate here so that the ALJ may assess Ms. Edwards's opinion and reassess Plaintiff's RFC and ability to perform work at steps four and five. Consequently, the Court does not address Plaintiff's second issue raised.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 07/30/2020

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge